United States District Court
Southern District of Texas
**ENTERED**
May 19, 2017
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALMA PATRICIA MARTINEZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1:16-cv-143 |
| | § | |
| NANCY A. BERRYHILL, Acting | § | |
| Commissioner of the Social Security | § | |
| Administration, ET AL. | § | |
| Defendants. | § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Defendants' "Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure" (hereinafter, the "Motion"). *See* Dkt. No. 17. Plaintiff filed her Response on December 21, 2016. Dkt. No. 22. For the reasons stated below, it is recommended that Defendants' Motion be **GRANTED**.

## I.    Background and Procedural History

On June 23, 2016, Plaintiff filed a Complaint seeking a declaratory judgment against Defendants that declares Plaintiff is a United States citizen. Dkt. No. 1 at 5. Plaintiff further requests injunctive relief requiring Defendants to remove any question regarding Plaintiff's citizenship status. *See id.* On November 30, 2016, Defendants filed their Motion, wherein they argued that the Court lacked jurisdiction because Plaintiff was no longer being deprived of a right or privilege of

United States citizenship since she had been issued a social security card. *See* Dkt. No. 17 at 2. Plaintiff responded on December 21, 2016, arguing that: (1) jurisdiction under 8 U.S.C. § 1503(a) is determined when the action is filed, and that later developments cannot destroy jurisdiction; and (2) if the Court were to find the issue moot, the voluntary cessation exception to the mootness doctrine would apply. *See* Dkt. No. 22 at 1-2.

## II.    Legal Standards

A party may move a court to dismiss a plaintiff's cause of action pursuant to Rule 12(b). *See* FED. R. CIV. P. 12(b). However, a party seeking to dismiss a complaint under Rule 12(b) must assert these defenses prior to filing its answer. *Id.* Unlike motions to dismiss under Rule 12(b)(3) and (b)(6), where the plaintiff's allegations are taken as true and viewed under the best light, the plaintiff bears the burden of proof that jurisdiction exists under Rule 12(b)(1). *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *see Ambraco Inc. v. Bossclip B V*, 570 F.3d 233, 238 (5th Cir. 2009). Further, courts must consider a jurisdictional attack under Rule 12(b)(1) prior to considering other grounds for dismissal. *Id.* Finally, in considering whether it has subject matter jurisdiction or if it is the proper venue to hear a plaintiff's claims, a court may consider matters of fact that are either in dispute or outside the pleadings. *See id*; *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986); *Ambraco*, 570 F.3d at 238 (noting that both 12(b)(1) and (b)(3) allow courts to look past the pleadings to resolve disputed facts).

A court may dismiss a claim under 12(b)(1), 12(b)(3), or 12(b)(6) if it is "beyond doubt that the plaintiff cannot prove" her "well-pled" factual allegations in the complaint, which are viewed as true and in the light most favorable to the plaintiff. *See Ambraco,* 570 F.3d at 237; *Lane v. Halliburton,* 529 F.3d 548 (5th Cir. 2008). Therefore, a complaint must contain sufficient factual matter that states a claim to relief that is "'plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). Legal conclusions that are "naked assertions devoid of further factual enhancement" or "formulaic recitation of [a claim's] elements" are not enough. *Id.* Instead, factual allegations are facially plausible when they allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* However, when factual allegations are intertwined with the merits, i.e. where the allegations shed light to both the basis of federal court subject matter jurisdiction and the cause of action, a court should not dismiss the claims unless they are "immaterial or wholly insubstantial and frivolous." *See Clark*, 798 F.2d at 741. Finally, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

## III.   Discussion

Section 1503(a) of title 8 of the United States Code states that "any person who. . . is denied such right or privilege by any department. . . , or official thereof,

upon the ground that he is not a national of the United States, such person may institute a [civil] action against the head of such department. . .  for a judgment declaring him to be a national of the United States[.]"  8 U.S.C. § 1503(a).  Section 1503(a) continues, stating "[a]n action under this subsection. . . shall be filed in the district court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is hereby conferred upon those courts." *Id.*

As stated above, Defendants argue that an actual controversy no longer exists between the parties.  *See* Dkt. No. 17 at 2.  In her response, Plaintiff argues that, for actions filed pursuant to § 1503(a), jurisdiction is determined at the time of filing.  *See* Dkt. No. 22 at 1.  Plaintiff further argues that, even if the Court found the action moot, the voluntary cessation exception to mootness would otherwise apply.   *Id.* at 2.  At the outset, the Court declines Plaintiff's invitation to overrule Judge Tagle's legal conclusion in *Vargas v. Kerry*, 1:14-cv-76 (S.D.Tex. April 22, 2016).  *See Vargas v. Kerry*, 1:14-cv-76 slip op. at 3 (S.D.Tex. April 22, 2016) (finding that the issuance of a passport destroyed the jurisdiction of the court).  The Court will then determine whether the civil action is otherwise moot.

Article III of the United States Constitution instructs that federal judicial power vests in the hearing of "cases" and "controversies" under the laws of the United States.  *See* U.S. CONST. Art. III, § 2 Cl. 1.  A litigant must show: (1)  a personal suffering of some actual or threatened injury as a result of the alleged illegal conduct of the defendant (injury in fact); (2) that the injury may be fairly

traced to alleged illegality (causation); and (3) that a favorable decision is likely to remedy the alleged injury (redressability).  *Lawson v. Callahan*, 111 F.3d 403, 405 (5th Cir. 1997).  The Declaratory Judgment Act (hereinafter, the "Act") states that "[i]n a case of actual controversy within its jurisdiction. . . a court of the United States. . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  Despite the Act's wording, the phrase "case of actual controversy" within the Act refers to the same type of "cases" and "controversies" justiciable under Article III.  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27 (2007).  Therefore, the dispute must be "'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'"  *Id.* at 127.  Stated another way, the issue is whether the facts a plaintiff alleges, under the circumstances, show that there is a "'substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'"  *Id.*

Plaintiff has not presented such a situation.  First, Plaintiff was issued and has received a social security card from Defendants.  *See* Dkt. No. 22 at 1.  This provides Plaintiff with the most definite and concrete relief that touches on the actual legal relations between Plaintiff and Defendants.  *See* Dkt. No. 4 at 4 (stating, "On information and belief, Ms. Martinez asserts that [the birth certificate

flag] is [in place] because the Defendant United States, either through the Department of State, or of Homeland Security, has never advised the State of Texas of their finding that she is a U.S. citizen, born in Brownsville, Texas, or requested removal of the Addendum that was placed on her birth certificate as a result of documents provided by an agency of Defendant United States, to wit, the (former) Immigration and Naturalization Service."). Second, Plaintiff's allegations indicate that Defendants are not the proper party against which this Court can grant the specific declarative relief sought by Plaintiff. For example, this specific relief sought would be more definite and concrete, and touch on parties having adverse legal interests of sufficient immediacy and reality, from the Department of State or the Texas Bureau of Vital Statistics (hereinafter, "TBVS").

Further, the declaratory relief Plaintiff seeks does not correspond to the actual reason Plaintiff was denied a social security card. On June 22, 2016, Plaintiff received a letter from the Social Security Administration (hereinafter, "SSA") stating:

> We cannot issue you a social security card at this time because: *You have not given us the documents we need to show age.* SSA is unable to process request for a replacement/duplicate SSN Card due to her birth certificate having a "lock" with the bureau of vital statistics (BVS) office in Austin, TX. Ms Martinez will need to contact BVS office and speak to them and request to have "lock" removed from her birth certificate. Once issue is corrected with BVS and "Lock" has been removed, the she can contact SSA again.

Dkt. No. 2-1 at 123 (emphasis added). This correspondence indicates that declaratory relief should be sought from the TBVS, as opposed to the SSA, because

it appears that the state agency's actions resulted in the denial of Plaintiff's application for a social security card prior to filing the instant action. Finally, the referenced SSA correspondence also indicates that Plaintiff's specific declaratory relief as requested would not adequately solve Plaintiff's issue as identified by the SSA. *See* Dkt. No. 4 at 5; *id.*

Nevertheless, Plaintiff argues that the voluntary cessation doctrine would maintain her cause of action if the Court considers it moot. *See* Dkt. No. 22 at 6. A defendant's voluntary cessation of a challenged practice does not necessarily deprive a court of the power to determine the legality of that practice. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). Accordingly, the Supreme Court has placed a heavy burden on defendants that assert mootness by requiring that "'subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Id.*

Public parties, however, are treated slightly differently. In cases involving public parties, the Fifth Circuit has found that courts are "justified" in treating governmental voluntary cessation with a presumption of good faith. *See Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 325 (5th Cir. 2009). As government actors in their sovereign capacity and in the exercise of their official duties are public servants, and not self-interested parties, changes in policy are assumed not to be litigation posturing. *Id.* Instead, absent evidence to the contrary, it is assumed that cessation is not a facade for later continuing with potentially unlawful conduct. *Id.* Providing relief, for example, may support this good faith assumption. *Id.* at

325-26.    In  sum,  the  goal  is  to  determine  whether  a  defendant's  actions  are attributable  to  "litigation  posturing"  or  whether  the  controversy  is  extinguished. *See Fontenot v. McCraw*, 777 F.3d 741, 748 (5th Cir. 2015).

As discussed above, Plaintiff has already been provided the relief at the heart of this civil action.   *See* Dkt. No. 22 at 1.   Further, according to the referenced SSA correspondence, the relief sought by Plaintiff was delayed because of the hold placed on her birth certificate by the TBVS.   *See* Dkt. No. 2-1 at 123.   This indicates that relief  was  withheld  due  to  an  application  of  SSA  policy  rather  than  animus  to Plaintiff, which supports a finding of good faith on the part of Defendants.   Plaintiff also does not allege any facts, apart from speculation as to a future agency action, that indicate that Defendants will not issue Plaintiff another social security card if it becomes "lost, stolen, or accidentally destroyed."   *See* Dkt. No. 22 at 2.   Finally, as discussed  above,  the  declaratory  relief  sought  does  not  touch  on  the  actual  legal relationship between Plaintiff and Defendants.   Defendants have already issued a social security card to Plaintiff, which relief is all that could realistically be asked of Defendants.   *See Fontenot*, 777 F.3d at 748 ("As the plaintiffs note, there are no formally announced changes to policy in the present case, but that is irrelevant here. McCraw has already done for plaintiffs all that they could ask. The two plaintiffs who had standing to sue McCraw have received a record correction — indeed, received it merely by asking for it. Consequently, there is no reason to believe that Miller and Zamarron continue to have a live controversy with McCraw. The very nature of the records correction controversy, which was precipitated by the

plaintiffs' failures to produce a driver's license, counsels that the defendant is not likely 'to return to his old ways.'")  For these reasons, the Court finds that this civil action has become moot, and that the voluntary cessation doctrine does not apply in this case.


## IV. Recommendation

For the reasons stated above, it is recommended that Defendants' Motion be **GRANTED**.


## V. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 19th day of May, 2017.


**Ignacio Torteya, III**
**United States Magistrate Judge**