UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALMA PATRICIA MARTINEZ, Plaintiff, | § § § | |
| v. | § § | Civil Action No. 1:16-cv-00143 |
| NANCY BERRYHILL, Acting Commissioner of United States Social Security Administration, and the UNITED STATES OF AMERICA,[1] Defendants. | § § § § § § | |

## ORDER

The present case arises from the Social Security Administration's (hereafter "Administration") denial of Alma Patricia Martinez's (hereafter "Plaintiff") application for a social security card. Plaintiff seeks relief pursuant to 8 U.S.C. § 1503(a) and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Before the court is the "Magistrate Judge's Report and Recommendation" (hereafter "R&R") (Docket No. 23). For the reasons stated below, the R&R is **ADOPTED**.

I. **FACTUAL BACKGROUND**[2]

Plaintiff has two birth certificates. Plaintiff's Texas Birth Certificate lists Plaintiff's birth as occurring September 21, 1993, in Brownsville, Texas. Plaintiff's Baptism Certificate confirms said birth date and location. Plaintiff's Mexican Birth Certificate lists Plaintiff's birth as occurring on the same date in Pachuca, Mexico.[3]

Plaintiff previously sued the federal government. On October 19, 2009, the Department of State (hereafter "DOS") denied Plaintiff's United States passport application. On May 24, 2013, Plaintiff filed suit in federal court challenging said denial and seeking a declaration of United States citizenship. Prior to the start of the trial, DOS issued Plaintiff a passport and the District Court dismissed the case as moot.

---

[1] Nancy Berryhill, as Carolyn Colvin's successor, is substituted as a Defendant. FED. R. CIV. P. 25(d).
[2] The factual statements set forth within this section were obtained from the following documents: Docket Nos. 2-1, 4, 17, and 28-1.
[3] Plaintiff's Mexican Birth Certificate adds the last name "Hempel" to Plaintiff's name. Docket No. 2-1 Ex. 7.

1

Subsequent to said dismissal, Plaintiff applied for a social security card. On June 22, 2016, the Administration denied Plaintiff's application because Plaintiff did not file the appropriate documents to "show age," and Plaintiff's Texas Birth Certificate had a "lock" placed on it by the Texas Bureau of Vital Statistics. On June 23, 2016, Plaintiff sued the Administration. On November 11, 2016, the Administration issued Plaintiff a social security card.

## II. **PROCEDURAL HISTORY**

On June 23, 2016, Plaintiff filed her "Complaint for Declaratory and Injunctive Relief" (Docket No. 1). On June 30, 2016, Plaintiff filed her "First Amended Complaint for Declaratory and Injunctive Relief" (Docket No. 4). On November 30, 2016, Defendants filed "Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure" (Docket No. 17). On December 21, 2016, Plaintiff filed "Plaintiff's Opposition to Defendants' Motion to Dismiss the Instant Action as Moot" (Docket No. 22).

On May 19, 2017, the Magistrate Judge issued the "Magistrate Judge's Report and Recommendation" (Docket No. 23). On June 17, 2017, Plaintiff filed "Plaintiff's Objections to the Report and Recommendation of the United States Magistrate" (Docket No. 26). On August 1, 2017, the Court issued an "Order" (Docket No. 27), ordering the parties to supplement the record. On August 11, 2017, Defendants filed "Defendants' Supplemental Response Brief" (Docket No. 28). Plaintiff did not respond to the Court's Order.

## III. **LEGAL STANDARD**

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

## IV. **DISCUSSION**

The R&R recommends dismissing Plaintiff's 8 U.S.C. § 1503(a) claim as moot. Docket No. 23 at 9. According to the R&R, the Administration's issuance of a social security card to Plaintiff renders her case moot, and the voluntary cessation exception to the mootness doctrine does not salvage her claim. *Id.* at 5, 8–9.

The mootness doctrine is a limit to federal jurisdiction. *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983) (citing *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974)).[4] "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Mootness is "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997)). "Generally, any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006).

A person within the United States may challenge an agency's denial of a claimed right or privilege as a national of the United States in federal court.[5] Plaintiff sought relief in federal court because the Administration denied her social security card application. After the commencement of the present case, the Administration issued Plaintiff a social security card. The issuance of the social security card rendered Plaintiff's § 1503(a) claim moot, as she was no longer being denied a right or privilege as a national of the United States. *See Garcia v. Freeman*, 542 F. App'x. 354, 356 (5th Cir. 2013) (finding Plaintiff's § 1503(a) claim was

---

[4] Defendants attempt to dismiss Plaintiff's § 1503(a) claim under Federal Rule of Civil Procedure 12(b)(6). However, as the cited sentence notes, mootness is a jurisdictional issue. A federal court has the duty to determine, *sua sponte*, if necessary, "whether it has jurisdiction over any case before it." *Griffith v. Johnston*, 899 F.2d 1427, 1429 (5th Cir. 1990) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541–42 (1986)). As such, the Court proceeds with its subsequent analysis with said duty in mind.

[5] Pursuant to 8 U.S.C. § 1503(a):
> If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States....

3

rendered moot when DOS issued Plaintiff a United States passport); *De Esparza v. Kerry*, 548 F. App'x. 216, 218 (5th Cir. 2013) (same).

The mootness doctrine, however, has exceptions. "It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982). A defendant who claims his voluntary cessation moots a case bears the "formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Laidlaw*, 528 U.S. at 190 (citing *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 203 (1968)). In certain circumstances, government actors bear a "lighter burden." *Stauffer v. Gearhart*, 741 F.3d 574, 582 (5th Cir. 2014) (quoting *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 325 (5th Cir. 2009), *aff'd sub nom. Sossamon v. Texas*, 563 U.S. 277 (2011)). "[G]overnment actors in their sovereign capacity and in the exercise of their official duties are accorded a presumption of good faith because they are public servants, not self-interested private parties. Without evidence to the contrary, we assume that formally announced changes to official governmental policy are not mere litigation posturing." *Sossamon*, 560 F.3d at 325.

Despite any formally announced revisions to the Administration's policy, the Court is of the opinion Defendants have provided sufficient evidence to meet their "formidable burden." Defendants submitted the sworn declaration of Harrison Levy (hereafter "Levy"), a Team Leader in the Administration's Office of Earnings, Enumeration, and Medicare Policy. Said office "develops and issues guidelines, directives, instructions and procedures for the assignment of Social Security numbers and issuance of cards, citizenship determinations, and applications for Social Security numbers and replacement cards." Docket No. 28-1 at 1.

Levy states, under penalty of perjury, that the flag "attached to [Plaintiff's] Social Security number has been removed and there is no longer any evidence in the computer system that the [flag] ever existed in her record." *Id.* at 2. Thus, Levy concluded, "there is no impediment to [Plaintiff] applying for and receiving a replacement Social Security card." *Id.* Levy also stated that "once the [Administration] issues a Social Security number to an individual, that number is not revoked or terminated." *Id.*

Given Levy's statements, it appears certain that Plaintiff will not be denied a social security card in the future. As such, the voluntary cessation exception does not salvage Plaintiff's

4

§ 1503(a) claim. *See Fontenot v. McCraw*, 777 F.3d 741, 748 (5th Cir. 2015) (concluding the plaintiffs' claim was moot because even though there were no formally announced changes to the policy, that was irrelevant, as the defendant provided plaintiffs with the relief they sought). The mootness of Plaintiff's § 1503(a) claim voids her request for relief under the Declaratory Judgment Act. *See Jolly v. United States*, 488 F.2d 35, 36 (5th Cir. 1974) (The Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, "does not of itself confer jurisdiction on the federal courts").

## V. **CONCLUSION**

The Court is cognizant of Plaintiff's problematic history with the federal government. The present case is the second time Plaintiff has brought a federal action to receive a right or privilege as a national of the United States. In both cases, the federal government waited until after Plaintiff commenced suit to issue the requested documentation—a passport and a social security card. However, the relief Plaintiff seeks is beyond the Court's jurisdiction, as there is no live controversy between the parties. Further, the Court denies Plaintiff's request to amend her complaint to assert an action under the Administrative Procedure Act.

## **ORDER**

For the foregoing reasons, the "Magistrate Judge's Report and Recommendation" (Docket No. 23) is **ADOPTED**. The Clerk's Office is hereby **ORDERED** to close this case.

Signed on this 28th day of August, 2017.

Rolando Olvera
United States District Judge

5